J-S26006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSE R. CUCURULLO TAVERAS | |
| Appellant | No. 830 MDA 2014 |

Appeal from the PCRA Order April 22, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002059-2013

BEFORE: OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED MAY 08, 2015**

Jose R. Cucurullo Taveras appeals *pro se* from the order entered April 22, 2014, denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*. Cucurullo Taveras seeks relief from the judgment of sentence of an aggregate nine to 21 years' imprisonment, imposed after he entered a guilty plea to charges of robbery, persons not to possess firearms, fleeing and eluding a police officer, and possession of cocaine.[1] On appeal, Cucurullo Taveras contends (1) the trial court erred when it permitted his guilty plea to proceed after he made statements that demonstrated his incompetence, and (2) trial counsel was

_____

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii) and 6105(a)(1), 75 Pa.C.S. § 3733(a), and 35 P.S. §780-113(a)(16), respectively.

ineffective for facilitating the plea. For the reasons set forth below, we affirm.

The facts underlying Cucurullo Taveras's arrest and conviction are gleaned from his guilty plea colloquy. On March 16, 2013, Cucurullo Taveras entered a Turkey Hill store in Muhlenburg Township, Berks County, armed with a loaded black .38 caliber revolver. Cucurullo Taveras demanded money from three employees, and then fled the scene. A high-speed car chase with law enforcement ensued. Cucurullo Taveras eventually crashed his vehicle at the intersection of North 11th and Richmond Streets in Reading. When police officers arrested Cucurullo Taveras, they recovered a black .38 caliber handgun and cocaine. *See* N.T., 8/28/2013, at 7-9.

Cucurullo Taveras was arrested and charged with a total of 17 offenses. On August 28, 2013, Cucurullo Taveras appeared for a case disposition hearing. Although William C. Bispels, Jr., Esq., was his appointed counsel, on the morning of the hearing, Robert Kirwan, II, Esq., appeared before the trial court on Cucurullo Taveras's behalf. Kirwan was privately retained by Cucurullo Taveras, but had not yet entered his appearance because Cucurullo Taveras informed him that he wanted to enter a guilty plea that day. Kirwan refused to facilitate such a plea because he had not yet reviewed Cucurullo Taveras's file. *See Id.* at 2. Kirwan then informed the court that Cucurullo Taveras told him "he does not want to be represented by me now and that he wants to be represented by God." *Id.*

The court excused Kirwan and briefly continued the proceedings until Bispels arrived.

After consulting with Cucurullo Taveras, Bispels informed the court that Cucurullo Taveras intended to enter an open guilty plea. The trial court conducted an oral colloquy during which Cucurullo Taveras acknowledged that he was satisfied with the representation of his attorney, and admitted the facts underlying his offenses. The trial court also reviewed a written colloquy Cucurullo Taveras had prepared earlier that day.[2] Thereafter, the trial court accepted Cucurullo Taveras's open guilty plea to one count each of robbery, persons not to possess firearms, fleeing and eluding a police officer, and possession of cocaine.[3] The trial court proceeded immediately to sentencing, and imposed a term of five and one-half to 11 years' imprisonment for the robbery charge, a consecutive term of 42 months to 10 years' imprisonment for the persons not to possess firearms charge, a concurrent term of one to five years' imprisonment for the fleeing and eluding charge, and a concurrent term of six to 12 months' imprisonment for possession of cocaine charge.

---

[2] Cucurullo Taveras acknowledged he completed the written colloquy and answered the questions truthfully. N.T., 8/28/2013, at 5.

[3] The Commonwealth dismissed the remaining charges.

On September 9, 2013, Cucurullo Taveras filed a counseled post-sentence motion seeking withdrawal of his guilty plea, and reconsideration of his sentence. He asserted that "he was not in his right mind when he entered his plea," because he was weak from fasting, and suffered from mental illness. Post-Sentence Motion, 9/9/2013, at 1. Cucurullo Taveras also stated that he had passed out in his cell following the hearing, and was taken to Reading Hospital, which is "further proof of the fact that he was not in his right mind" when he entered the plea. *Id.* at 1-2. The trial court denied the motion the next day.

On October 11, 2013, Cucurullo Taveras filed a *pro se* post sentence motion, in which he maintained that his guilty plea was entered unknowingly and involuntarily because he "had a 34 day religious fast, that threatened [his] health and [his] life" and he was taken to the mental health unit of the Berks County prison later that day. *Pro Se* Post Sentence Motion, 10/11/2013, at ¶ 8. He also asserted that both of his attorneys were ineffective, and he requested reconsideration of his sentence. The trial court treated the filing as a first PCRA petition, and appointed counsel.[4]

_____

[4] We note that the *pro se* motion was filed after the time for filing a timely direct appeal expired. Therefore, the court properly treated the motion as a PCRA petition, and, accordingly, appointed new counsel. We also note that Cucurullo Taveras has never claimed Bispels was ineffective for failing to file a direct appeal.

On February 4, 2014, PCRA counsel filed a **Turner**/**Finley**[5] "no-merit" letter, and requested permission to withdraw. On March 18, 2014, the trial court provided Cucurullo Taveras with notice of its intent to dismiss his petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. The court also granted PCRA counsel's request to withdraw. On April 7, 2014, Cucurullo Taveras filed a response to the court's Rule 907 notice. Thereafter, on April 22, 2014, the PCRA court dismissed Cucurullo Taveras's petition. This timely *pro se* appeal follows.[6]

On appeal, Cucurullo Taveras challenges his competency at the time of his guilty plea hearing. He argues the trial court erred when it allowed the proceedings to continue after "repeated warning(s) to the Judge by Attorney 'Robert Kirwan' that [Cucurullo Taveras] wanted to be represented by **GOD**." Cucurullo Taveras's Brief at 7 (emphasis in original). Further, he asserts Bispels was ineffective when he facilitated the plea after having had no contact with Cucurullo Taveras for three months, and being advised by Kirwan that Cucurullo Taveras was "suffering from some sort of [m]ental

---

[5] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[6] On May 14, 2014, the PCRA court ordered Cucurullo Taveras to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Cucurullo Taveras complied with the court's directive and filed a concise statement on June 2, 2014. Thereafter, on June 18, 2014, the PCRA court file a memorandum opinion in which it incorporated its prior order and notice of intent to dismiss filed on March 18, 2014.

breakdown and was acting crazy." *Id.* at 7(c). In support of his claim, Cucurullo Taveras attached to his Rule 907 response, an undated document entitled "Respondent's Statement," purportedly signed by Kirwan, in which Kirwan asserts that, on the day of the guilty plea hearing, he believed Cucurullo Taveras "was incompetent and suffering from a complete mental breakdown due to mental health issues exacerbated by an extensive and life threatening religious fasting."[7]  Respondent's Statement at ¶ 8.  In the document, Kirwan also claimed to have told Bispels of his concerns regarding Cucurullo Taveras's mental health prior to the entry of the guilty plea. *Id.* at ¶ 9.

When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by record evidence and is free of legal error. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." ***Commonwealth v. Carter***, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

A petitioner who has entered a guilty plea may be entitled to relief under the PCRA if he is able to plead and prove that his conviction was the

---

[7] From what we can discern, this "statement" was filed in disciplinary proceedings Cucurullo Taveras initiated against Kirwan.

result of "[a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii). However, a petitioner must also demonstrate that his claim has not been previously litigated or waived. *Id.* at § 9543(a)(3). Here, Cucurullo Taveras's assertion of trial court error is waived since he could have raised that claim on direct appeal.[8] *See* 42 Pa.C.S. § 9544(c) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

Cucurullo Taveras also contends, however, that plea counsel was ineffective for facilitating the entry of his guilty plea without sufficient time to consult with him, and after being informed by another attorney that Cucurullo Taveras was "suffering from some sort of mental breakdown." Cucurullo Taveras's Brief at 7(c).

Our review of an ineffectiveness claim is well-settled:

We begin our analysis of ineffectiveness claims with the presumption that counsel is effective. To prevail on his ineffectiveness claims, Appellant must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction. With regard to the second, *i.e.*, the "reasonable basis" prong, we will conclude that counsel's chosen strategy lacked a reasonable

_____

[8] As noted *supra*, Cucurullo Taveras does **not** claim that he requested plea counsel to file a direct appeal, and counsel ignored his request.

basis only if Appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." To establish the third, *i.e.*, the prejudice prong, Appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

*Commonwealth v. Spotz*, 18 A.3d 244, 259-260 (Pa. 2011) (internal citations omitted). A petitioner must demonstrate each prong of the ineffectiveness test in order to obtain relief. *Commonwealth v. Steele*, 961 A.2d 786, 800 (Pa. 2008).

In the present case, the PCRA court found Cucurullo Taveras's ineffectiveness claim lacked arguable merit. The court explained:

> Here, the record reflects that [Cucurullo Taveras] was advised of the nature of the charges to which he was pleading guilty, the factual basis for the plea, and his right to a jury trial. [Cucurullo Taveras] was also informed of the presumption of innocence and the maximum possible penalties. The record further reflects that [Cucurullo Taveras] stated that he was satisfied with the services of his attorney. In addition, [he] signed a Statement Accompanying Defendant's Request to Enter a Guilty Plea, which was incorporated into the record.
>
> The longstanding rule of Pennsylvania law is that a defendant may not challenge a guilty plea by claiming that he lied under oath, even if he asserts that counsel induced the lies. *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003). Since the record in the instant matter reflects that [Cucurullo Taveras's] plea was knowingly, intelligently, and voluntarily entered, this claim is [] without merit.

Order and Notice of Intent to Dismiss, 3/18/2014, at unnumbered 7 (record citations omitted).

Our review of the transcript from the guilty plea hearing supports the findings of the PCRA court. Although Kirwan initially told the court that

Cucurullo Taveras wanted to be represented by God, Cucurullo Taveras's subsequent demeanor and responses during the guilty plea colloquy raised no concerns regarding his mental health. Further, on the written colloquy, Cucurullo Taveras answered that he does "not **currently** suffer from mental illness." Statement Accompanying Defendant's Request to Enter a Guilty Plea, 8/28/2013, at ¶ 8 (emphasis supplied).[9] We also note that during the sentencing hearing, which immediately followed the guilty plea, Cucurullo Taveras apologized for his crimes and expressed his remorse. He stated he had chosen to "follow God the rest of [his] life" and he believed God's "mighty hand" protected the store clerks during the robbery. N.T., 8/28/2013, at 14.

Moreover, we disagree with Cucurullo Taveras's contention that the document he attached to his Rule 907 response, purportedly signed by Kirwan, entitles him to relief. The document, entitled "Respondent's Statement," is ostensibly signed by Kirwan, appears to reflect Kirwan's concern regarding Cucurullo Taveras's competency on the day of the guilty plea hearing.[10] However, the "statement" is undated and bears a caption distinct from the criminal case herein. Significantly, Cucurullo Taveras has

_____

[9] Cucurullo Taveras did indicate, however, that he had "**previously** suffered from, or been treated for mental illness." *Id.* at ¶ 9 (emphasis supplied).

[10] However, despite his reservations concerning Cucurullo Taveras's mental state, Kirwan acknowledged in the statement that he was "not a psychiatrist or a mental health professional." Respondent's Statement, at ¶ 8.

not attached the original document to which Kirwan appears to be responding. Furthermore, while this purported statement by Kirwan might have been relevant in determining whether the PCRA court should have conducted a hearing on Cucurullo Taveras's claims, Cucurullo Taveras did not request such relief in either his response to the Rule 907 notice or in this appeal.

Accordingly, because we conclude the PCRA court's determination that Cucurullo Taveras's competency challenge has no arguable merit is free from legal error and supported by the record, we affirm the order dismissing his PCRA petition. **See Burkett**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2015